IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YASSER URBINA,

    Plaintiff,

vs.

MIAMI BEACH FOOD MARKET LLC,
a Florida Limited Liability Company, and
MOHAMMED KABIR, an individual, jointly
And severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, YASSER URBINA, sues Defendants, MIAMI BEACH FOOD MARKET LLC, and MOHAMMED KABIR, and shows:

### Introduction

1. This is an action by YASSER URBINA against his former employers against his former employers for unpaid overtime, unpaid minimum wages and other unpaid wages pursuant to the Fair Labor Standards Act, the Florida Minimum Wage Act and Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. Counts I and II of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. Count III of this action arises under the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110. Count IV of this action arises under Florida common law for breach of contract. The Court has jurisdiction over Counts I and II pursuant to 29 U.S.C. § 216(b) and supplemental jurisdiction over Counts III and IV pursuant to 28 U.S. Code § 1367.

1

3. The claims arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, YASSER URBINA, (hereinafter "URBINA") a resident of Broward County, was at all times material, employed by MIAMI BEACH FOOD MARKET LLC, as a convenience store cashier, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with MIAMI BEACH FOOD MARKET LLC, was engaged in commerce or in the production of goods for commerce.

5. Defendant, MIAMI BEACH FOOD MARKET LLC, doing business as MB Market (hereinafter, "MB Market"), is a Florida Limited Liability Company with headquarters in Miami-Dade County, Florida, doing business in Miami Beach, Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant, MOHAMMED KABIR ("hereinafter, "KABIR"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant MB Market. KABIR determined URBINA's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, KABIR and MB Market are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7. Plaintiff URBINA's work hours and amount of compensation received were as follows:

    a. During the week of July 19, 2021 through July 25, 2021, URBINA worked 60 hours, but was only paid $10 for each hour worked. URBINA is therefore owed for 20 hours of the half-time premium ($5 per hour), or $100.00, plus an equal amount for liquidated damages;

    b. During the week of July 26, 2021 through August 1, 2021, URBINA worked 50 hours, but was only paid $10 for each hour worked. URBINA is therefore owed for 10 hours of the half-time premium ($5 per hour), or $50.00, plus an equal amount for liquidated damages;

    c. During the week of August 2, 2021 through August 8, 2021, URBINA worked 48.5 hours, but was only paid $10 for each hour worked. URBINA is therefore owed for 8.5 hours of the half-time premium ($5 per hour), or $42.50, plus an equal amount for liquidated damages;

    d. During the week of August 23, 2021 through August 29, 2021, URBINA worked 66.5 hours, but was only paid $12 for each hour worked. URBINA is therefore owed for 26.5 hours of the half-time premium ($6 per hour), or $159.00, plus an equal amount for liquidated damages;

    e. During the week of August 30, 2021 through September 5, 2021, URBINA worked 56.5 hours, but was only paid $12 for each hour worked. URBINA is therefore owed for 16.5 hours of the half-time premium ($6 per hour), or $99.00, plus an equal amount for liquidated damages;

    e. During the week of September 6, 2021 through September 12, 2021, URBINA worked 49 hours, but was only paid $12 for each hour worked. URBINA is therefore

3

owed for 9 hours of the half-time premium ($6 per hour), or $54.00, plus an equal amount for liquidated damages;

   f. During the week of September 13, 2021 through September 19, 2021, URBINA worked 48.5 hours, but was only paid $12 for each hour worked. URBINA is therefore owed for 8.5 hours of the half-time premium ($6 per hour), or $51.00, plus an equal amount for liquidated damages;

   g. During the week of September 20, 2021 through September 26, 2021, URBINA worked 58.5 hours, but was only paid $12 for each hour worked. URBINA is therefore owed for 18.5 hours of the half-time premium ($6 per hour), or $111.00, plus an equal amount for liquidated damages;

   h. During the week of October 4, 2021 through October 10, 2021, URBINA worked 45 hours, but was only paid $12 for each hour worked. URBINA is owed for five hours of his half-time premium ($6 per hour), or $30.00, plus an equal amount for liquidated damages;

   i. During the week of October 18, 2021 through October 24, 2021, URBINA worked 50 hours, and received no compensation whatsoever. Therefore, URBINA is owed straight time of $12 per hour for 40 hours ($480.00), plus overtime of $18 per hour for 10 hours ($180.00), plus an equal amount for liquidated damages. URBINA is also owed minimum wage liquidated damages in the amount of 50 hours at $10 per hour, or $500.00.

   j. During the week of October 25, 2021 through October 31, 2021, URBINA worked 49.5 hours, and received no compensation whatsoever. Therefore, URBINA is owed straight time of $12 per hour for 40 hours ($480.00), plus overtime of $18 per hour for 9.5 hours ($171.00), plus an equal amount for liquidated damages. URBINA is also owed minimum wage liquidated damages in the amount of 49.5 hours at $10 per hour, or $495.00.

      k.     During the week of November 1, 2021 through November 7, 2021, URBINA worked 30 hours and received no compensation whatsoever. Therefore, URBINA is owed for 30 hours at $12 per hour, or $360.00. URBINA is also owed minimum wage liquidated damages in the amount of 30 hours at $10 per hour, or $300.00.

      8.     The failure to pay minimum wages and overtime compensation to URBINA is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

### Count I – Violation of FLSA by all Defendants – Overtime

      9.     Plaintiff, YASSER URBINA, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 above.

      10.     Since on or about July 14, 2021, up to and including November 3, 2021, Defendant MB Market has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically URBINA, during his employment, worked in excess of 40 hours a week during several weeks of his employment as outlined above, but was not compensated for all overtime hours at one and one-half times his regular rate:

      11.     URBINA is entitled pursuant to 29 U.S.C. § 216(b), to recover from MB Market and KABIR:

      a.     All unpaid overtime that is due;

      b.     As liquidated damages, an amount equal to the unpaid overtime owed;

      c.     The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, YASSER URBINA, prays that this court will grant judgment against Defendants MB Market and KABIR:

   a. awarding URBINA payment of overtime compensation found by the court to be due to him under the Act;

   b. awarding URBINA an additional equal amount as liquidated damages;

   c. awarding URBINA his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count II – Violation of the FLSA by all Defendants – Minimum Wage

12. Plaintiff, URBINA, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 6, 7(i)-(j) and 8 above.

13. URBINA worked for MB Market for approximately 129.5 hours during the last three weeks of his employment, but received no compensation whatsoever for the work performed.

14. MB Market's failure to pay URBINA his final three paychecks violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

15. URBINA is entitled pursuant to the FLSA to recover from Defendant MB Market and KABIR:

   a. The applicable minimum wage in effect at the times he worked without receiving compensation;

   b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a.    Enter judgment for URBINA against MB Market and KABIR on the basis of their willful violations of the FLSA;

    b.    Award URBINA actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    c.    Award URBINA an equal amount in liquidated damages;

    d.    Award URBINA reasonable attorneys' fees and costs of suit; and

    e.    Other such relief as this Court deems just.

**Count III – Violation of the Florida Minimum Wage Act by All Defendants**

16.    Plaintiff, URBINA, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 6, 7(i)-(j) and 8 above.

17.    URBINA worked for MB Market for approximately 129.5 hours during the last three weeks of his employment, but received no compensation whatsoever for the work performed.

18.    At least 15 days prior to filing suit, URBINA sent a text message to Defendant KABIR requesting payment for his unpaid wages. Despite URBINA's efforts to secure his pay, Defendants refused to pay him. Defendants' actions have left URBINA no other choice but to file this lawsuit.

19.    Defendants' failure to pay URBINA violates the Florida Minimum Wage Act, Florida Statutes 448.110 by not paying him at least a minimum wage.

20.    URBINA's text message to KABIR satisfies the pre-suit notice requirement of F.S. 448.110(6)(a).

21.    URBINA is entitled pursuant to the FMWA to recover from both Defendants:

      a.    The applicable minimum wage in effect in Florida for all hours worked without receiving compensation;

      b.    As liquidated damages, an amount equal to the unpaid minimum wages he is owed;

      c.    The costs of this action, and;

      d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

      a.    Enter judgment for URBINA and against both Defendants on the basis of their willful violations of the FMWA;

      b.    Award URBINA actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

      c.    Award URBINA an equal amount in liquidated damages;

      d.    Award URBINA reasonable attorneys' fees and costs of suit; and

      e.    Other such relief as this Court deems just.

**Count IV – Unpaid Agreed Upon Wages – Breach of Contract by Defendant MB Market**

22.    Plaintiff, URBINA, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 6, 7(i)-(j) above.

23.    Defendant offered to pay URBINA an hourly rate of $12 in exchange for URBINA performing the duties of cashier for MB Market.

24.    For the final three weeks of URBINA's employment, he worked 129.5 hours, but received no pay whatsoever.

25.    URBINA performed all tasks and job duties required by MB Market.

26.    MB Market's failure to pay URBINA the agreed upon wages amounts to a breach of contract.

27. As a result of MB Market's breach, URBINA has incurred general damages and is entitled to recover the unpaid wages as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff, YASSER URBINA, requests judgment against Defendant MB Market for his unpaid wages and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury.

Dated: December 10, 2021
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*